UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------  X

HENRIETTA WISE; STAMEY WISE; SOCKEIA WISE;
SHEKIRA WISE; KAMEL WISE; S.W., a minor; K.W., a
minor;

                                  Plaintiffs,

              -against-

THE CITY OF NEW YORK; SGT. KEVIN MATTHEWS,
SHIELD #2543; P.O. MICHAEL DEPACE, TAX #930039;
DET. KEITH ARCE, SHIELD #4563; DEPUTY
INSPECTOR MICHAEL LIPETRI; LT. MICHAEL DOYLE;
DET. CHRISTOPHER FISCHER, SHIELD #1173; SGT.
MICHAEL GARGAN, SHIELD # 1154; DET. PATRICK
GRANEY, SHIELD #5356; DET. ALBERT GUT, SHIELD
#0953; P.O. CASSANDRA MONDERINE, SHIELD #
11378; DET. VINCENT PAPASODERO, SHIELD #2499;
DET. EDWARD WALDRON, SHIELD #7948; the individual
defendant(s) sued individually and in their official capacities,

                                  Defendants.

---------------------------------------------  X

**FIRST AMENDED COMPLAINT**

12-CV-1823 (ENV) (RER)

ECF Case

Jury Trial Demanded

## PRELIMINARY STATEMENT

      1.      This is a civil rights action in which plaintiffs seeks relief for the violation of plaintiffs' rights secured by the State of New York; New York State Constitution, Article I, §§ Six, Eight, Eleven, Twelve, and Fourteen; 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiffs' claims arise from incidents that arose on or about January 14, 2011. During the incidents, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things, excessive force, false arrest, unlawful search and seizure, retaliation for free speech, conspiracy, malicious prosecution, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiffs seek compensatory and punitive damages, declaratory relief,

an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  Within 90 days of the incidents alleged in this complaint, the plaintiffs served upon defendant City of New York, notices of claim setting forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damages or injuries claimed. More than 30 days have elapsed since plaintiffs' demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant City of New York has neglected and/or refused to make any adjustment and/or payment. Defendant City of New York did not request a hearing pursuant to GML § 50-H. Defendant City of New York has not requested a physical examination of plaintiffs. This action is being brought within one year and ninety days of the date of the occurrence herein.

3.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as well as the New York State Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.  Plaintiff Henrietta Wise was at all times relevant and currently is a resident of Queens County, State of New York.

6. Plaintiff Stamey Wise was at all times relevant and currently is a resident of Queens County, State of New York.

7. Plaintiff Sockeia Wise was at all times relevant and currently is a resident of Queens County, State of New York.

8. Plaintiff Shekira Wise was at all times relevant and currently is a resident of Queens County, State of New York.

9. Plaintiff Kamel Wise was at all times relevant and currently is a resident of Queens County, State of New York.

10. Plaintiff S.W. was at all times relevant and currently is a minor child under the custody and care of plaintiff Henrietta Wise, and a resident of Queens County, State of New York.

11. Plaintiff K.W. was at all times relevant and currently is a minor child under the custody and care of plaintiff Henrietta Wise, and a resident of Queens County, State of New York.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

13. Defendant Sgt. Kevin Matthews is a New York City Police Officer, employed with the 101st Precinct, assigned Shield Number 2543, located in Queens, New York or other as yet unknown NYPD assignment.

14. Defendant P.O. Michael Depace is a New York City Police Officer, assigned Tax Registration No. 930039, employed with the 101st Precinct, located in Queens, New York or other as yet unknown NYPD assignment.

15. Defendant Det. Keith Arce is a New York City Police Officer, assigned Shield #4563 and Tax Registration No. 921929, employed with the Emergency Services Unit, Squad 7, located in Brooklyn, New York.

16. Defendant Deputy Inspector Michael LiPetri is a New York City Police Officer, assigned Tax Registration No. 906647 employed with the 79th Precinct, located in Brooklyn, New York.

17. Defendant Lt. Michael Doyle is a New York City Police Officer, assigned Shield #444 and Tax Registration No. 917072, employed with the 61st Precinct, located in New York, New York.

18. Defendant Det. Christopher Fischer is a New York City Police Officer, assigned Shield #1173 and Tax Registration No. 919044, employed with the Emergency Services Unit, Squad 9, located in Queens, New York.

19. Defendant Sgt. Michael Gargan is a New York City Police Officer, assigned Shield #41154 and Tax Registration No. 906311, employed with the Emergency Services Unit, Squad 9, located in Queens, New York.

20. Defendant Det. Patrick Garney is a New York City Police Officer, assigned Shield #5356 and Tax Registration No. 920348, employed with the Emergency Services Unit, Squad 9, located in Queens, New York.

21. Defendant Det. Albert Gut is a New York City Police Officer, assigned Shield #953 and Tax Registration No. 922465, employed with the Emergency Services Unit, Squad 7, located in Brooklyn, New York.

22. Defendant P.O. Cassandra Monderine is a New York City Police Officer, assigned Shield #11378 and Tax Registration No. 939055, employed with the 101st Precinct, located in Queens, New York.

23. Defendant Det. Vincent Papasoderio is a New York City Police Officer, assigned Shield #2499 and Tax Registration No. 911551, employed with the Emergency Services Unit, Squad 9, located in Queens, New York.

24. Defendant Det. Edward Waldron is a New York City Police Officer, assigned Shield #7948 and Tax Registration No. 919841, employed with the Emergency Services Unit, Squad 9, located in Queens, New York.

25. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

26. On January 14, 2011, at and in the vicinity of 12-50 Redfern Avenue, Apartment #4C, County of Queens, State of New York ("the apartment"), several police officers operating from the 101st Precinct and the Emergency Services Unit, Squad 7, both located in Queens, New York, including upon information and belief, the individually named defendants, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiffs.

27. On January 14, 2011, at approximately 6:25 a.m., at and in the vicinity of the apartment, plaintiffs were lawfully present in their apartment when, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiffs (or any third person) had committed a crime, the defendants unlawfully entered the apartment by breaking through the door and drew their firearms at plaintiffs.

28. Once the defendants entered the apartment, plaintiffs were not free to disregard their questions, or walk way or leave the scene.

29. While inside the apartment, defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiffs (or any third person) had committed a crime falsely arrested plaintiffs.

30. Plaintiffs were not the subject of any search warrant.

31. During the arrest of plaintiffs, defendants maliciously, gratuitously, and unnecessarily committed excessive force against them by committing the following unlawful actions: (a) the defendants grabbed plaintiff Henrietta Wise and struck her about the body and placed excessively tight handcuffs about her wrists; (b) the defendants grabbed plaintiff Stamey Wise and struck him about his body and placed excessively tight handcuffs about his wrists; (c) the defendants grabbed plaintiff Sockeia Wise and placed excessively tight handcuffs about her wrists; (d) the defendants grabbed plaintiff Shekira Wise and placed excessively tight handcuffs about her wrists; (e) the defendants grabbed plaintiff Kamel Wise and placed excessively tight handcuffs about his wrists; (f) the defendants grabbed plaintiff S.W. and placed excessively tight handcuffs about his wrists; and, (g) the defendants grabbed plaintiff K.W.

32. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since all of the plaintiffs were unarmed, compliant, and did not resist arrest.

33. Plaintiffs were physically injured as a result of the excessive use of force, and suffered numbness and marks to their bodies.

34. Plaintiffs asked the individual defendants to loosen the cuffs, but they did not.

35. Thereafter, plaintiff K.W. was released into the custody of a neighbor.

36. Thereafter, plaintiffs Henrietta, Stamey, Sockeia, Shekira, Kamel, and S.W. were brought to the 101st Precincts, located in New York, New York for arrest processing.

37. Plaintiff S.W. was then transferred to Queens Family Court and subsequently was held in a Juvenile Detention Facility for a period in excess of eight days.

38. Plaintiffs Henrietta, Stamey, Sockeia, Shekira, and Kamel were transferred to Queens Central Booking where they were subjected to depraved, filthy, and inhumane conditions of confinement.

39. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

40. While these plaintiffs were incarcerated at the 101st Precinct and Central Booking awaiting arraignment, defendants, pursuant to a conspiracy, falsely and maliciously told the Queens County District Attorney's Office that plaintiffs had committed various crimes; based upon the false statements of defendants, the Queens County District Attorney's Office did the following: (a) declined to prosecute plaintiffs Sockeia and Shekira; (b) prosecuted plaintiff Kamel until February 9, 2011 when the charges were dismissed; and, (c) prosecuted plaintiffs Henrietta and Stamey until both were granted adjournments in contemplation of dismissal.

41. While plaintiff S.W. was incarcerated at the 101st Precinct, the Family Court, and the Juvenile Detention Facility, defendants, pursuant to a conspiracy, falsely and maliciously told the Corporation Counsel for the City of New York that plaintiff S.W. had committed various crimes; based upon the false statements of defendants, the Corporation Counsel prosecuted plaintiff S.W. on a neglect petition until February 2011 when all of the charges were dismissed.

42. The above-stated malicious prosecution terminated in plaintiffs' favor when the cases against them were dismissed in their entirety.

43. The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to investigate, use force, and search arrestees or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.

44. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action. This failure caused the defendants in the present case to injure plaintiffs, violate the law, and violate the plaintiff's rights.

45. Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

46. At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly trained the individual defendants for the position of police officers.

47. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

48. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

49. At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

50. The occurrence(s) and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant City

8

of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

51. The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

52. Plaintiffs did not resist arrest at any time during the above incidents.

53. Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

54. The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

55. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

56. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of her rights.

9

57. As a direct and proximate result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

58. The plaintiffs are also entitled to receive punitive damages from the individual defendants because defendants' actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

## FIRST CLAIM

## (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE)

59. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

61. Accordingly, defendants are liable to plaintiffs for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

## (EXCESSIVE FORCE)

62. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

63. The individual defendants' use of force upon plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiffs pain and injury.

64. Accordingly, defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

**THIRD CLAIM**

**(VIOLATING PLAINTIFFS' RIGHT TO FREE SPEECH)**

65. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Plaintiffs exercised free speech during the incident by, among other things, telling the individual defendants that they had not committed a crime, that the officers were mistreating them and that the individual defendants were acting in an unlawful manner.

67. Plaintiffs' use of free speech was a motivating factor in the individual defendants' decision to arrest, and prosecute them. Accordingly, defendants are liable to plaintiffs under the First Amendment to the United States Constitution for violating plaintiffs's right to free speech.

**FOURTH CLAIM**

**(FAILURE TO SUPERVISE)**

68. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

69. The supervisor defendants are liable to plaintiffs because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiffs, and approved their unlawful actions.

## FIFTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

70. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

71. Defendants are liable to plaintiffs because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiffs.

## SIXTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

72. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

73. The individual defendants arrested plaintiffs in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

74. Defendants are liable to plaintiffs because they conspired against plaintiffs based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiffs of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiffs.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION FEDERAL AND STATE LAW)

75. Plaintiffs repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

76. Defendants are liable to plaintiffs for malicious prosecution because,

pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution against plaintiffs by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s), which alleged plaintiffs had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiffs until the case against plaintiffs was dismissed in its entirety, terminating in plaintiffs's favor.

77. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

78. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

79. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiffs.

80. Accordingly, defendants are liable to plaintiffs pursuant to Federal and State Law for malicious prosecution.

## EIGHTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES UNDER STATE LAW)

81. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

82. Defendant City of New York is liable to plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

## NINTH CLAIM

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW)

83. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

84. That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, intentionally inflicted emotional harm upon plaintiffs.

85. The defendants' actions against plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

86. The defendants breached a duty owed to the plaintiffs that either unreasonably endangered plaintiffs' physical safety, or caused the plaintiff's to fear for her own safety.

## TENTH CLAIM

### (NEGLIGENCE, GROSS NEGLIGENCE UNDER STATE LAW)

87. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

88. Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

## ELEVENTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

89. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

90. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

91. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

## TWELFTH CLAIM

## (FEDERAL MONELL CLAIM)

92. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

93. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

94. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

95. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

96. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

97. In addition, the following are municipal policies, practices and customs:

(a) arresting innocent individuals, based on a pretext, in order to meet productivity goals;

(b) fabricating evidence against individuals;

15

(c) using excessive force against individuals; and

(d) retaliating against individuals who engage in free speech.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: Brooklyn, New York
September 13, 2012

KUSHNER LAW GROUP, P.L.L.C.
*Attorney(s) for Plaintiff*
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 504-1440 (tel)
(718) 504-4630 (fax)
mk@kushlawgroup.com

/s
_____
Michael P. Kushner, Esq.

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900 (tel)
(718) 246-2903 (fax)
mhueston@nyc.rr.com

JAVIER A. SOLANO, ESQ.
*Attorney for Plaintiff*
507 Willis Avenue
Bronx, New York 10455
(718) 665-3200 (tel)

jsolano@solanolegal.com