| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------X

HENRIETTA WISE, *et al.*,

**SUMMARY ORDER**

-v-

**12-CV-1823 (ENV) (RER)**

CITY OF NEW YORK, *et al.*,

-----------------------------------------------------------X

**RAMON E. REYES, JR., United States Magistrate Judge:**

Before the Court is defendants' June 14, 2013 motion for my recusal pursuant to 28 U.S.C. § 455(a). (Dkt. No. 38). Earlier today, defendants sought to withdraw the motion. (Dkt. No. 41). For the reasons which follow, the attempt to withdraw the motion, and the motion itself are denied.

Section 445(a) provides for recusal "in any proceeding in which [a magistrate judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a) "[R]ecusal motions are committed to the court's sound discretion. . .." *Wright v. Comm'r*, 571 F.3d 215, 220 (2d Cir. 2009) (citation and quotation omitted). To determine whether § 455(a) requires recusal, "the appropriate standard is objective reasonableness– whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (alteration in original) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)); *United States v. Lauersen*, 348 F.3d 329, 334 (2d Cir. 2003). "'[T]he circumstances are viewed through the eyes of a reasonable person rather than a person who is highly sensitive.;" *United States v. Nelson*, 94-cr-0823 (DGT), 2010 WL 2629742, at * 6 (E.D.N.Y. June 28, 2010)(quoting *In re Searches Conducted on Mar. 5, 1980*, 497 F. Supp. 1283, 1291 (E.D.Wis. 1980)).

As the attempted withdrawal recognizes, the challenge to my impartiality based on plaintiffs' counsel's appointment to the eighteen-member Merit Selection Panel tasked with considering my possible reappointment as a United States Magistrate Judge has been rendered moot in light of his recent recusal from that Panel. (Dkt. No. 39). Accordingly, it warrants no response.

That aspect of the motion challenging my impartiality based on purported colloquy during an unrecorded telephone conference on April 24, 2013, however, does warrant a response. Recusal under Section 455(a) typically is appropriate only in cases of bias or prejudice stemming from an *extrajudicial* source. *Liteky v. United States*, 510 U.S. 540, 550–51 (1994); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."). Here, however, defendants do not contend that I harbor a bias or prejudice from an extrajudicial source. Rather, their recusal argument is based on conduct occurring within the case – supposed remarks made during the April 24th telephone conference concerning defense counsel's specious arguments seeking to avoid the deposition of defendant Mondarine.[1] Such remarks are insufficient as the basis for recusal:

---

[1] Although irrelevant to the merits of defendants' motion for recusal, I deny much of the substance of the "volatile exchange" attributed to me by defense counsel. (*See* Dkt. No. 41-1 at 2-3.) While I used strong language in response to defense counsel's specious arguments seeking to avoid the deposition of defendant Mondarine, I find counsel's recollection of the colloquy and purported "contemporaneous" record to be embellished and inaccurate. In any event, this issue has already distracted too much attention from the issue at hand–the case that is before this Court. Accordingly, the Final Pretrial Conference is set for Tuesday, June 25 at 10:30 a.m. The parties must be prepared to discuss the issues raised in plaintiffs' letter of June 14, 2013. (Dkt. No. 37.)

> [J]udicial remarks during the course of a [case] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge . . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky*, 510 U.S. at 550-51.

In all, because an objective, informed observer knowing all the facts could not reasonably conclude that my impartiality could reasonably be questioned, the motion is denied.

Dated: Brooklyn, New York
June 21, 2013

RAMON E. REYES, JR.
United States Magistrate Judge